IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARLENE CORTEZ | **FILED** | CIVIL ACTION |
| v. | NOV 9 - 2012 | |
| FARES MANSOUR ALMLAIK | MICHAEL E. KUNZ, Clerk<br>By_____ Dep. Clerk | NO. 12-5585 |

MEMORANDUM

MCLAUGHLIN, J.                                                        NOVEMBER 8, 2012

Plaintiff Darlene Cortez filed this pro se civil action against Fares Mansour Almalik.[1] She seeks to proceed in forma pauperis. For the following reasons, the Court will grant plaintiff leave to proceed in forma pauperis and dismiss her complaint.

According to the complaint, Almalik is a "wealthy arab prince" who allegedly fathered five children with plaintiff. Plaintiff alleges that several of the defendant's cousins, as well as an individual identified as Marypat Wright, are conspiring to "steal" those children and keep them hidden from her. Plaintiff also alleges that Wright and others are responsible for stealing billions of dollars in wealth that she amassed from companies and/or products that she allegedly developed. (Compl. at 2 (claiming that Wright and others "stole the plaintiff's [sensitive] business files from her computer, and they broke into her home constantly, and stole her business files

---

[1] Plaintiff referred to the defendant as "Almlaik" in the caption of her complaint, but uses the spelling "Almalik" throughout the rest of her complaint. The Court will use the latter spelling.

1

and signed legal contracts from her home," apparently by breaking into her home and computer "on a regular basis"); see also id. at 2-3 (accusing Wright of manipulating the defendant "to let [Wright] steal all of the plaintiff's lucrative billion dollar businesses, business contracts, trade, companies, charities, projects, fragrances, skin care, imports, exports, goldmine, real estate, and all the wealth that [plaintiff] . . . created and worked on herself"). According to plaintiff, those individuals also filed "false reports" against her and sent "sexual solicitations from [her] emails, or post[ed] sexual solicitations on the web and sign[ed] [her] name to them" in an effort to destroy her reputation. (Id. at 3.)

As a result of the alleged theft of her billions of dollars in wealth, plaintiff contends that she has been forced to live on welfare, and apparently lost custody of her children. She also contends, among other things, that she recently flew to Vienna to meet with the defendant in hopes of getting her children back, but that those conspiring against her "plotted to block [her] visit and to block her communications on the hotel computer." (Id. at 3.) Ultimately, she initiated this lawsuit, seeking custody of her children and $10 million for "the interference in her maternal rights, for the last ten years." (Id. at 5.)

Plaintiff's motion to proceed in forma pauperis is granted because she has satisfied the requirements set forth in 28 U.S.C. § 1915. Accordingly, 28 U.S.C. § 1915(e)(2)(B) applies. That provision requires the Court to dismiss the complaint if it is

frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." Denton v. Hernandez, 504 U.S. 25, 33 (1992).

Plaintiff's allegations are "wholly incredible" and lack a basis in reality. Accordingly, the Court will dismiss her complaint as factually frivolous.² Plaintiff will not be given leave to amend because amendment would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 112-13 (3d Cir. 2002). An appropriate order follows.

---

²This is one of many cases plaintiff has filed based on allegations that are the same or similar to those in her complaint. Notably, all of those prior cases were dismissed prior to service of the complaint. See Cortez v. Alsabah, Civ. A. No. 12-5586 (E.D. Pa.); Cortez v. Almalik, Civ. A. No. 11-3363 (E.D. Pa.); Cortez v. Edwards, Civ. A. No. 11-3362 (E.D. Pa.); Cortez v. Wright, Civ. A. No. 11-3361 (E.D. Pa.); Cortez v. Almalik, Civ. A. No. 09-4368 (E.D. Pa.).